UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO. 16-17792-JKO
                                                    CHAPTER 11

THE INVERRARY RESORT HOTEL
CONDOMINIUM ASSOCIATION, INC.,

                                           **Jointly Administered with Case Nos:**
                                           **16-17799-JKO, Nirvana Inverrary Lofts, Inc.**
                                           **16-17802-JKO, Alrames S.A. de C.V. Corp**

                 Debtor.
_____

Motion  to Withdraw Reference of All Proceedings relating to the Liquidation of the Claims for
Damages arising out of the Pre-Petition Claims for Personal Injury and Loss of Consortium of
Vincent Turpin and Ayanna Turpin  against  The Inverrary Resort Hotel Condominium
Association, Inc., Nirvana Inverrary Lofts, Inc., and Alrames S.A. de C.V. Corp

         Vincent Turpin and Ayanna Turpin by and through their undersigned attorney do file this

*"Motion to Withdraw Reference of All Proceedings relating to the Liquidation of the Claims for*

*Damages arising out of the Pre-Petition Claims for Personal Injury and Loss of Consortium of*

*Vincent Turpin and Ayanna Turpin  against  The Inverrary Resort Hotel Condominium*

*Association, Inc., Nirvana Inverrary Lofts, Inc., and Alrames S.A. de C.V. Corp"*, (the "*Motion to*

*Withdraw Reference*") and pursuant to 28 U.S.C. §157(d) do show the following as cause for the

U.S. District Court to grant this *Motion to Withdraw Reference*  and to order  such withdrawal:

*Timeliness*

         1.   This *Motion to Withdraw Reference* is timely filed pursuant to *Fed R. Bankr. P.*

 5011(a) and (c) and 9014 and *Fed R. Bankr. P.* [*LOCAL RULE*] 5011-1 (A) since it is filed

within thirty days from the date of June 27th, 2016, which was the date first set for the Section

341 Meeting of Creditors in these now jointly administered Chapter 11 cases.(ECF No. 8, Case

No. 16-17792-JKO)), (ECF No. 7, Case No. 16-17799) and (ECF No. 7, Case No. 16-17802).

2.   This motion is also filed pursuant to 28 U.S.C. §§1334 and 157 (a), (b) (2) (B), (5) ( c ) (1) and (2), (d) and (e)  in that the Turpins are the holders of unliquidated personal injury and loss of consortium  claims valued at in excess of $400,000.00 due to the seriousness of the injuries that arose in Broward County, Florida..

3.   As of the Chapter 11 Petition date of May 31st, 2016 of all three of the Debtors in this jointly administered case .(ECF No. 64, Case No. 16-17792-JKO)), (ECF No. 31, Case No. 16-17799) and (ECF No. 24, Case No. 16-17802) . Vincent Turpin and Ayanna Turpin ("Turpins"), as Plaintiffs,  were  prosecuting a personal injury action for damages in excess of $15,000.00  in the Broward County Circuit Court against  The Inverrary Resort Hotel Condominium Association, Inc., Nirvana Inverrary Lofts, Inc., and Alrames S.A. de C.V. Corp, as Defendants that is now stayed. A copy of the Complaint filed in the state court personal injury action is attached to this motion as Exhibit 1.

4.   Each of the Debtors have scheduled the Turpins as holding a disputed "Tort" claim for an "UNKOWN" amount on Schedule F. .(ECF No. 1, Case No. 16-17792-JKO)), (ECF No. 1, Case No. 16-17799) and (ECF No. 1, Case No. 16-17802) .

5.   The causes of action as shown in the "Complaint" in Exhibit 1 are based upon state law causes of action that could not be brought in this Court but for the filing of the three Chapter 11 Petitions under Title 11.

6.   The Turpins demanded a jury trial in the state court action.

7.   Pursuant to 28 U.S.C. §157 (b) (2) (B), (5) ( c ) (1) and (2) and (e), the Turpins expressly do NOT consent to the  Bankruptcy Court liquidating their personal injury and loss of consortium claims and do not consent to the Bankruptcy Court hearing parts of the case and do not consent to the Bankruptcy Court conducting the jury trial.

8.   As of this date, the Turpins do not know if there is insurance coverage covering the claim since requests made to the Debtors for information disclosures regarding insurance coverage prior to the filing of the state court action and in discovery interrogatories after suit was filed were not answered as of the time of the filing of the Chapter 11 petitions.

9.   The Turpins designate the following parts of the records in all three cases:

A.  Case No. 16-17792-JKO: (ECF Nos. 1, 2, 3, 8, 26, 34, 35, and 64;

B.  Case No. 16-17799: 1, 2, 7, 21, 22, 23, 24, 31 and 32;

C.  Case No. 16-17802: 1, 2, 3, 6, 7, 24, 25, 26, 27, 28, 31 and 43.


WHEREFORE, the Turpins by and through undersigned counsel, request an order granting this *Motion to Withdraw Reference*  and granting the Turpins any other, supplemental and further relief  that this Honorable Court deems just, equitable and proper.


Dated on July 27th, 2016

> **BRAD CULVERHOUSE**
> **ATTORNEY AT LAW, CHARTERED**
> 505 Beach Court, Suite 1
> Fort Pierce, Florida 34950
> Office Telephone   : (772) 465-7572
> Cellular Telephone : (561) 716-4726
> PRIMARY E-Mail: BradCulverhouseLaw@gmail.com
> Florida Bar No.:  207632
> Attorney for Movants, Vincent Turpin
> and Ayanna Turpin
>
>
> By____/s/ Brad  Culverhouse_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27th, 2016 that a true copy of the foregoing has been served via the Court's electronic NEF system on all of the hereinafter named registered users and that a traditional paper copy was served on all of the hereinafter named non-registered users on the following pages and on the attached lists via postage prepaid First Class U.S. Mail :

- Robert P. Charbonneau     rpc@ecccounsel.com,
  nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com
- Heidi A Feinman     Heidi.A.Feinman@usdoj.gov
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Matthew A Petrie     map@ecclegal.com,
  nsocorro@ecclegal.com;bankruptcy@ecclegal.com;map@ecf.inforuptcy.com;bankruptcy
  .ecc@ecf.courtdrive.com
- David A Ray     dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com
- Zana Michelle Scarlett     Zana.M.Scarlett@usdoj.gov
- Jason Slatkin     jslatkin@slatkinreynolds.com, imalcolm@slatkinreynolds.com
- Christopher B Spuches     CBS@ECCLEGAL.COM,
  service@ecclegal.com;nsocorro@ecclegal.com;bankruptcy@ecclegal.com;nvillegas@ec
  clegal.com

    Edward F Holodak
    7951 SW 6 St #210
    Plantation, FL 33324

    Nirvana Inverrary Lofts, Inc.
    3366 Spanish Moss Terrace
    Lauderhill, FL 33319

- Robert P. Charbonneau     rpc@ecccounsel.com,
  nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Zana Michelle Scarlett     Zana.M.Scarlett@usdoj.gov
- Jason Slatkin     jslatkin@slatkinreynolds.com, imalcolm@slatkinreynolds.com
- Christopher B Spuches     CBS@ECCLEGAL.COM,
  service@ecclegal.com;nsocorro@ecclegal.com;bankruptcy@ecclegal.com;nvillegas@ec
  clegal.com

The Inverrary Resort Hotel Condominium Association, Inc.
3501 Inverrary Boulevard
Lauderhill, FL 33319

- Robert P. Charbonneau     rpc@ecccounsel.com,
  nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Zana Michelle Scarlett     Zana.M.Scarlett@usdoj.gov
- Jason Slatkin     jslatkin@slatkinreynolds.com, imalcolm@slatkinreynolds.com
- Christopher B Spuches     CBS@ECCLEGAL.COM,
  service@ecclegal.com;nsocorro@ecclegal.com;bankruptcy@ecclegal.com;nvillegas@ec
  clegal.com
- Jason Slatkin, jslatkin@slatkinreynolds.com
-
-

Internal Revenue Service,
P.O. Box 7346,
Philadelphia, PA 19101-7346;

Broward County Tax Collector,
115 South Andrews Avenue, Room 120,
Fort Lauderdale, FL 33301

Florida Department of Revenue,
2450 Shumard Oak Blvd.,
Tallahassee, FL 32311;

Air Master Service and Repair,
631 W. 63rd. Drive,
Hialeah, FL 33012;

All Service Refuse/Republic Services,
751 NW 31st Avenue,
Fort Lauderdale, FL 33311;

Comprehensive Fire Alarms,
20160 NW 13th Avenue,
Miami, FL 33169;

Cooling Power,
8004 NW 154th Street, Suite 445,
Miami Lakes, FL 33016;

Elevator Service Corporation,
4581 Weston Road, Suite 173,
Weston, FL 33331;

Express Marble & Carpet Cleaning,
1770 NE 191st Street #510,
North Miami, FL 33179;

JMC Fire Sprinklers Inspection,
PO Box 9704,
1938 NW 54th Avenue,
Coral Springs, FL 33063;

Televue/Telerent,
4191 Fayetteville Road,
Raleigh, NC 27603;

Terminix,
860 Ridge Lake Blvd.,
Memphis, TN 38120;

Vacation Resorts Development, Inc.,
3501 Inverrary Blvd., Unit 18,
Lauderhill, FL 33319

**BRAD CULVERHOUSE**
**ATTORNEY AT LAW, CHARTERED**
505 Beach Court, Suite 1
Fort Pierce, Florida 34950
Office Telephone   : (772) 465-7572
Cellular Telephone : (561) 716-4726
PRIMARY E-Mail: BradCulverhouseLaw@gmail.com
Florida Bar No.:  207632
Attorney for Movants, Vincent Turpin
and Ayanna Turpin


By____*/s/ Brad  Culverhouse*_____

**Master Service Mailing List**
**In re The Inverrary Resort Hotel Condominium Association, Inc.**
**Case No. 16-17792-JKO**

Corporate Hotel Invest
3501 Inverrary Blvd., Unit 108
Lauderhill FL 33319

Constral S.A. de C.V.
3501 Inverrary Blvd., Unit 202
Lauderhill FL 33319

Florida Properties Market
3501 Inverrary Blvd., Unit 417
Lauderhill FL 33319

Alrames SA de CV Corp
3501 Inverrary Blvd., Unit 218
Lauderhill FL 33319

Remedios Roque
3501 Inverrary Blvd., Unit 310
Lauderhill FL 33319

Nasr Bawi
PO Box 222244
Hollywood FL 33022

Vacation Resort Dev
3501 Inverrary Blvd., Unit 112
Lauderhill FL 33319

Castle Rock Group
3501 Inverrary Blvd., Unit 203
Lauderhill FL 33319

American Hotel Inv
3501 Inverrary Blvd., Unit 208
Lauderhill FL 33319

Lago Bienes Raices
3501 Inverrary Blvd., Unit 418
Lauderhill FL 33319

Nirvana Inverrary Lofts
3501 Inverrary Blvd., Unit 309
Lauderhill FL 33319

Prestadora Contratista S
3501 Inverrary Blvd., Unit 113
Lauderhill FL 33319

Cristina Ramirez
3501 Inverrary Blvd., Unit 204
Lauderhill FL 33319

Guang Yu Du
5530 NW 44th St. Unit 218
Fort Lauderdale FL 33319

Inmobiliaria Turistica
3501 Inverrary Blvd., Unit 503
Lauderhill FL 33319

Sphera Development Corp
3501 Inverrary Blvd., Unit 311
Lauderhill FL 33319

Maria Esther Monzon
3501 Inverrary Blvd., Unit 624
Lauderhill FL 33319

Exhibit 1

Filing # 22755791 E-Filed 01/20/2015 04:48:32 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR BROWARD COUNTY, FLORIDA.

**VINCENT TURPIN** and                               CIVIL ACTION
**AYANNA TURPIN**, his wife,

                                                     CASE NO.:

     Plaintiff,

vs.

**INVERRARY RESORT HOTEL
CONDOMINIUM ASSOCIATION, INC., a Florida
Corporation**; MARIA ESTHER MONZON, Individually
and as Termination Trustee for Inverrary Resort Hotel
Condominium Association, Inc.; PETER PAPPAS,
Individually and as Termination Trustee for Inverrary
Resort Hotel Condominium Association, Inc.;
**ARVIND YADAV**, Individually and as Termination
Trustee for Inverrary Resort Hotel Condominium
Association, Inc.; CASTLE ROCK GROUP
CORPORATION, a Florida Corporation; NIRVANA
INVERRARY LOFTS, INC., a Florida corporation;
NIRVANA INVERRARY RESORT, INC., a Florida
Corporation; INTERNATIONAL RESORTS CORP.,
a Florida Corporation; and, JULIAN R. RAMIREZ a/k/a
Julian Ramirez de la Piscina Pena, Individually.

     Defendant.

_____/

## COMPLAINT

     COME NOW, Plaintiffs, VINCENT TURPIN and AYANNA TURPIN, his wife, by

and through their undersigned attorneys and hereby sue Defendants, **INVERRARY**

**RESORT HOTEL CONDOMINIUM ASSOCIATION, INC.,** a Florida Corporation;

**MARIA ESTHER MONZON,** Individually and as Termination Trustee for Inverrary Resort

Hotel Condominium Association, Inc.; PETER PAPPAS, Individually and as Termination

Trustee for Inverrary Resort Hotel Condominium Association, Inc.; **ARVIND YADAV,**

Individually and as Termination Trustee for Inverrary Resort Hotel Condominium

Association, Inc., **CASTLE ROCK GROUP CORPORATION**, a Florida Corporation; **NIRVANA INVERRARY LOFTS, INC.**, a Florida corporation; **NIRVANA INVERRARY RESORT, INC.**, a Florida Corporation; **INTERNATIONAL RESORTS CORP.**, a Florida Corporation; and, **JULIAN R. RAMIREZ** a/k/a Julian Ramirez de la Piscina Pena, Individually, for damages and alleges as follows:

## JURISDICTION AND PARTIES

1.    This is an action for damages in excess of $15,000 not including interest and costs.

2.    This Cause of Action occurred in Broward County, Florida.

3.    At all times relevant herein and material hereto, Plaintiffs, VINCENT TURPIN and AYANNA TURPIN, were and are residents of Broward County, Florida and are over the age of eighteen and are otherwise sui juris.

4.    At all times relevant herein and material hereto, Defendant, INVERRARY RESORT HOTEL CONDOMINIUM ASSOCIATION, INC. (hereinafter IRHCA), was and is a Florida Corporation authorized to do and at all relevant times was doing business in Lauderhill, Broward County, State of Florida and maintains and/or maintained agents, apparent agents, employees, servants, borrowed servants and representatives for the transaction of its customary business within the State of Florida.

5.    At all times relevant herein and material hereto, Defendant, MARIA ESTHER MONZON (hereinafter MONZON), is a resident of Broward County, Florida, is over the age of eighteen and is otherwise sui juris.

6.      At all times relevant herein and material hereto, Defendant MONZON was and is a Termination Trustee for Defendant IRHCA.

7.      At all times relevant herein and material hereto, Defendant, PETER PAPPAS (hereinafter PAPPAS), is a resident of Broward County, Florida, is over the age of eighteen and is otherwise sui juris.

8.      At all times relevant herein and material hereto, Defendant PAPPAS was and is a Termination Trustee for Defendant IRHCA.

9.      At all times relevant herein and material hereto, Defendant, ARVIND YADAV (hereinafter YADAV), is a resident of Broward County, Florida, is over the age of eighteen and is otherwise sui juris.

10.     At all times relevant herein and material hereto, Defendant YADAV was and is a Termination Trustee for Defendant IRHCA.

11.     At all times relevant herein and material hereto, Defendant, CASTLE ROCK GROUP CORPORATION (hereinafter CRGC), was and is a Florida Corporation authorized to do and at all relevant times was doing business in Lauderhill, Broward County, State of Florida and maintains and/or maintained agents, apparent agents, employees, servants, borrowed servants and representatives for the transaction of its customary business within the State of Florida.

12.     At all times relevant herein and material hereto, Defendant, NIRVANA INVERRARY LOFTS, INC. (hereinafter NIL), was and is a Florida Corporation authorized to do and at all relevant times was doing business in Lauderhill, Broward County, State of Florida and maintains and/or maintained agents, apparent agents, employees, servants,

borrowed servants and representatives for the transaction of its customary business within the State of Florida.

13.     At all times relevant herein and material hereto, Defendant, NIRVANA INVERRARY RESORT, INC. (hereinafter NIR), was and is a Florida Corporation authorized to do and at all relevant times was doing business in Lauderhill, Broward County, State of Florida and maintains and/or maintained agents, apparent agents, employees, servants, borrowed servants and representatives for the transaction of its customary business within the State of Florida.

14.     At all times relevant herein and material hereto, Defendant, INTERNATIONAL RESORTS CORP. (hereinafter IRC), was and is a Florida Corporation authorized to do and at all relevant times was doing business in Lauderhill, Broward County, State of Florida and maintains and/or maintained agents, apparent agents, employees, servants, borrowed servants and representatives for the transaction of its customary business within the State of Florida.

15.     At all times relevant herein and material hereto, Defendant, JULIAN R. RAMIREZ a/k/a Julian Ramirez de la Piscina Pena (hereinafter RAMIREZ), is a resident of Broward County, Florida, is over the age of eighteen and is otherwise sui juris.

## ALLEGATIONS COMMON TO ALL COUNTS

Plaintiffs, VINCENT TURPIN and AYANNA TURPIN, adopt and reallege each and every allegation as set forth in paragraphs one (1) through fifteen (15) above as if fully set forth herein.

16.     On or about January 23, 2011, Plaintiff, VINCENT TURPIN, was a lawful invitee at the ALL INCLUSIVE INVERRARY VACATION RESORT, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319.

17.     At said time and place, Plaintiff, VINCENT TURPIN, was lawfully upon the aforementioned premises as a business invitee and went to use said premises' public bathroom located in the resort lobby when the toilet's stall doors and stall walls collapsed and fell on the Plaintiff, VINCENT TURPIN, knocking him to the ground and causing him serious bodily injuries.

## COUNT I
## NEGLIGENCE AS TO DEFENDANT IRHCA

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

18.     Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, IRHCA, as fully stated herein.

19.     Upon information and belief, at all times material hereto Defendant, IRHCA, owned, managed and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

20.     Defendant, IRHCA, owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

21.      At all times material hereto, Defendant, IRHCA, owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

22.      At the aforementioned time and place, the Defendants' employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

23.      Upon information and belief, Defendant, IRHCA, owed the highest duty to its visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through its agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)      By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)      By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)      By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

    d)       By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

    e)       By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

    f)       By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

    g)       By failing to have in place proper policies and procedures detailing customer safety; and,

    h)       By failing to properly train, educate, monitor its employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

24.      The Defendant, IRHCA, and/or its agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

25.      As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, IRHCA, as aforementioned, Plaintiff, VINCENT TURPIN, suffered

bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition. The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, IRHCA, for damages and trial by jury.

## COUNT II
### NEGLIGENCE AS TO DEFENDANT MONZON

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

26. Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., as fully stated herein.

27. Upon information and belief, at all times material hereto Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owned, managed, maintained, and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

28. Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty of care to maintain the

aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

29.     At all times material hereto, Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

30.     At the aforementioned time and place, the Defendant's employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

31.     Upon information and belief, Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty to her visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through her agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)     By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)   By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)   By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)   By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)   By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)   By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)   By failing to have in place proper policies and procedures detailing customer safety; and,

h)   By failing to properly train, educate, monitor her employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

32.     The Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., and/or her agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

33.     As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition.  The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, MONZON, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., for damages and trial by jury.

<u>**COUNT III**</u>
<u>**NEGLIGENCE AS TO DEFENDANT PAPPAS**</u>

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

34.     Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., as fully stated herein.

35.     Upon information and belief, at all times material hereto Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owned, managed, maintained, and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

36.     Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

37.     At all times material hereto, Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

38.     At the aforementioned time and place, the Defendant's employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises,

causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

39.     Upon information and belief, Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty to his visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through his agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)     By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)     By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)     By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)     By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)     By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured,

which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)      By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)      By failing to have in place proper policies and procedures detailing customer safety; and,

h)      By failing to properly train, educate, monitor her employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

40.     The Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., and/or his agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

41.     As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition. The losses are either

permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, PAPPAS, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., for damages and trial by jury.

## COUNT IV
## NEGLIGENCE AS TO DEFENDANT YADAV

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

42.     Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., as fully stated herein.

43.     Upon information and belief, at all times material hereto Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owned, managed, maintained, and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

44.     Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe

condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

45.     At all times material hereto, Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

46.     At the aforementioned time and place, the Defendant's employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

47.     Upon information and belief, Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., owed the highest duty to his visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through his agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)     By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)   By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)   By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)   By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)   By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)   By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)   By failing to have in place proper policies and procedures detailing customer safety; and,

h)   By failing to properly train, educate, monitor her employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

48.     The Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., and/or his agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

49.     As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition. The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, YADAV, Individually and as Termination Trustee for Inverrary Resort Hotel Condominium Association, Inc., for damages and trial by jury.

## COUNT V
### NEGLIGENCE AS TO DEFENDANT CRGC

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

50.     Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, CRGC, as fully stated herein.

51.     Upon information and belief, at all times material hereto Defendant, CRGC, owned, managed and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

52.     Defendant, CRGC, owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

53.     At all times material hereto, Defendant, CRGC, owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

54.     At the aforementioned time and place, the Defendants' employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

55.     Upon information and belief, Defendant, CRGC, owed the highest duty to its visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through its agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)    By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)    By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)    By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)    By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)    By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)    By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)    By failing to have in place proper policies and procedures detailing customer safety; and,

h)      By failing to properly train, educate, monitor its employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

56.      The Defendant, CRGC, and/or its agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

57.      As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, CRGC, as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition. The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, CRGC, for damages and trial by jury.

## COUNT VI
### NEGLIGENCE AS TO DEFENDANT NIL

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

58.      Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, NIL, as fully stated herein.

59.     Upon information and belief, at all times material hereto Defendant, NIL, owned, managed and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

60.     Defendant, NIL, owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

61.     At all times material hereto, Defendant, NIL, owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

62.     At the aforementioned time and place, the Defendants' employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

63.     Upon information and belief, Defendant, NIL, owed the highest duty to its visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through its agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)   By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)   By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)   By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)   By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)   By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)   By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)   By failing to have in place proper policies and procedures detailing customer safety; and,

h)      By failing to properly train, educate, monitor its employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

64.      The Defendant, NIL, and/or its agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

65.      As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, NIL, as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition.  The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, NIL, for damages and trial by jury.

## COUNT VII
### NEGLIGENCE AS TO DEFENDANT NIR

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

66.      Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, NIR, as fully stated herein.

67.     Upon information and belief, at all times material hereto Defendant, NIR, owned, managed and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

68.     Defendant, NIR, owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

69.     At all times material hereto, Defendant, NIR, owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

70.     At the aforementioned time and place, the Defendants' employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

71.     Upon information and belief, Defendant, NIR, owed the highest duty to its visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through its agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)   By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)   By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)   By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)   By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)   By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)   By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)   By failing to have in place proper policies and procedures detailing customer safety; and,

h)     By failing to properly train, educate, monitor its employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

72.     The Defendant, NIR, and/or its agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

73.     As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, NIR, as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition. The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, NIR, for damages and trial by jury.

## COUNT VIII
### NEGLIGENCE AS TO DEFENDANT IRC

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

74.     Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, IRC, as fully stated herein.

75.     Upon information and belief, at all times material hereto Defendant, IRC, owned, managed and/or operated the property and premises, including the hotel lobby's

public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

76.   Defendant, IRC, owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

77.   At all times material hereto, Defendant, IRC, owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

78.   At the aforementioned time and place, the Defendants' employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

79.   Upon information and belief, Defendant, IRC, owed the highest duty to its visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through its agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)   By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)   By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)   By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)   By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)   By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)   By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)   By failing to have in place proper policies and procedures detailing customer safety; and,

h)   By failing to properly train, educate, monitor its employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

80.    The Defendant, IRC, and/or its agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

81.    As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, IRC, as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition.  The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, IRC, for damages and trial by jury.

## COUNT IX
### NEGLIGENCE AS TO DEFENDANT RAMIREZ

Plaintiff, VINCENT TURPIN, adopts and realleges each and every allegation as set forth in paragraphs one (1) through seventeen (17) above as if fully set forth herein.

82.    Plaintiff, VINCENT TURPIN, is entitled to relief against Defendant, RAMIREZ, as fully stated herein.

83.    Upon information and belief, at all times material hereto Defendant, RAMIREZ, owned, managed, maintained, and/or operated the property and premises, including the hotel lobby's public bathroom, located at 3501 Inverrary Blvd, Lauderhill, Broward County, Florida 33319, which is the area where the subject incident took place.

84.     Defendant, RAMIREZ, owed the highest duty of care to maintain the aforementioned premises including the hotel lobby's public bathroom in a reasonably safe condition and free from foreseeable risks of harm so that the toilet's stall doors and stall walls would not pose a hazard to the invitees on the premises.

85.     At all times material hereto, Defendant, RAMIREZ, owed the highest duty of care to warn the public, including Plaintiff, VINCENT TURPIN, of any dangerous conditions Defendant knew, or within the exercise of reasonable care, should have known existed on its premises.

86.     At the aforementioned time and place, the Defendant's employees, agents, and/or servants, negligently maintained the public bathroom at the subject premises, causing Plaintiff, VINCENT TURPIN, to suffer serious personal injuries described more fully herein.

87.     Upon information and belief, Defendant, RAMIREZ, owed the highest duty to his visitors to exercise reasonable care to keep its premises in a safe condition commensurate with the risks involved to prevent injury to Plaintiff, VINCENT TURPIN, and by and through his agents, servants, employees and/or representatives, was careless and negligent and breached that duty in one or more of the following respects:

a)     By failing to adequately, properly and sufficiently maintain the above-described toilet's stall doors and stall walls to prevent the same from collapsing.

b)   By failing to secure the aforementioned toilet's stall doors and stall walls when Defendants knew, or through the exercise of reasonable care, should have known of its potential harm to the public, if improperly installed and secured;

c)   By failing to properly and/or adequately inspect the aforementioned toilet's stall doors and stall walls for safety;

d)   By failing take reasonable measures to install and secure said toilet's stall doors and stall walls which created an unreasonably dangerous condition of which Defendants knew or through the exercise of reasonable care, should have known;

e)   By failing to properly and/or adequately test the aforementioned toilet's stall doors and stall walls to determine if it was properly installed and secured, which the Defendants knew, or through the exercise of reasonable care, should have known, created a dangerous condition;

f)   By having actual knowledge, prior to the time of the accident, that said toilet's stall doors and stall walls, if not properly installed and secured, constituted a hazard to the Plaintiff and to others similarly situated, and failed to warn of same;

g)   By failing to have in place proper policies and procedures detailing customer safety; and,

h)   By failing to properly train, educate, monitor her employees, agents, apparent agents, servants, etc. on toilet's stall doors and stall walls safety and customer safety.

88. The Defendant, RAMIREZ, and/or his agents, servants, employees and/or representatives, knew or through the exercise of reasonable care should have been aware of the existence of said dangerous condition.

89. As a direct, proximate and foreseeable result of the carelessness and negligence of Defendant, RAMIREZ, as aforementioned, Plaintiff, VINCENT TURPIN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money in the future and aggravation of a previously existing condition. The losses are either permanent or continue in nature and Plaintiff, VINCENT TURPIN, will continue to suffer such losses in the future.

WHEREFORE, the Plaintiff, VINCENT TURPIN, prays for judgment against the Defendant, RAMIREZ, for damages and trial by jury.

## COUNT X
### DERIVATIVE CLAIM/LOSS OF CONSORTIUM

Plaintiff, AYANNA TURPIN, re-alleges and incorporates by reference the allegations contained in paragraphs one (1) through eighty nine (89) above as though fully stated herein.

66. Plaintiff, AYANNA TURPIN, is at present and at all relevant times, was the legal spouse of Plaintiff, VINCENT TURPIN.

67.    The aforesaid injuries and damages sustained by Plaintiff, VINCENT TURPIN, were caused solely and proximately by the negligence of the Defendants, IRHCA, MONZON, PAPPAS, YADAV, CRGC, NIL, NIR, IRC, and RAMIREZ.

68.    At all times relevant hereto and as a further, direct, proximate and foreseeable result of the carelessness and negligence of the Defendants, Defendants, IRHCA, MONZON, PAPPAS, YADAV, CRGC, NIL, NIR, IRC, and RAMIREZ, Plaintiff AYANNA TURPIN, has suffered, will continue to suffer, and be deprived of the care, comfort, society, support, assistance, benefit and otherwise consortium of her husband, VINCENT TURPIN.

WHEREFORE, Plaintiff, AYANNA TURPIN, demands judgment for damages against Defendants, IRHCA, MONZON, PAPPAS, YADAV, CRGC, NIL, NIR, IRC, and RAMIREZ, and demands trial by jury.

DATED this ___20th___ day of January, 2015.

Respectfully submitted,
**LEWIS & WILLIAMS, P.A.**
Attorneys for the Plaintiffs
701 US Highway 1, Suite 101
North Palm Beach, FL 33408
Telephone: (561) 444-2260
Facsimile: (561) 444-2170

By: _____
**MICHAEL A. LEWIS**
Florida Bar No.: 339512
mal@lewiswilliamslaw.com
**JASON L. WILLIAMS**
Florida Bar No.: 325510
jlw@lewiswilliamslaw.com
Secondary E-Mail Address:
mbm@lewiswilliamslaw.com